UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GRADY, ) | CASE NO. 5:15-cv-1578 |
| ) | |
| Petitioner, ) | JUDGE HELMICK |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| MARGARET BRADSHAW, Warden, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |
| ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Michael Grady ("Petitioner" or "Grady") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to a journal entry of sentence in the case of *State of Ohio v. Grady*, Case No. 2011-09-2460 (Summit County). (Doc. No. 8-1, Exh. 17.) The State requests that the petition for writ of habeas corpus be conditionally granted to afford Grady the right to directly appeal his sentence. (Doc. No. 8 at p. 8.) For the reasons set forth below, the Court recommends Petitioner's § 2254 petition be conditionally GRANTED.

## I. Background

### A. State Court Proceedings

#### 1. Indictment, Conviction and Sentence

On September 28, 2011, a Summit County Grand Jury issued a forty count

indictment charging Grady with twenty-two counts of breaking and entering in violation of Ohio Revised Code ("O.R.C.") § 2911.13(A), nine counts of petty theft and seven counts of theft in violation of O.R.C. § 2913.02, one count of attempted breaking and entering in violation of O.R.C. §§ 2911.13(A) and 2923.02, and one count of possessing criminal tools in violation of O.R.C. § 2923.24. (Doc. No. 8-1, Exh. 1.) Initially, Grady, entered a plea of not guilty. (Doc. No. 8-1, Exh. 2.)

After engaging in plea negotiations, Grady, on January 10, 2012, entered a plea of guilty to ten counts of breaking and entering. (Doc. No. 8-1, Exh. 3.) The remaining counts were dismissed at the recommendation of the prosecutor. (*Id*.)

On February 7, 2012, the court held a sentencing hearing and sentenced Grady to one-year in prison for each count of breaking and entering to be served consecutively, resulting in an aggregate sentence of ten years. (Doc. No. 8-1, Exh. 4.) Grady was also ordered to make full restitution to five different victims of his breaking an entering spree. (Doc. No. 8-1, Exh. 5.)

### 2. Direct Appeal

Grady did not file a timely appeal from his conviction. However, on June 14, 2013, Grady, *pro se*, filed a motion for leave to file a delayed appeal with the Ninth District Court of Appeals ("state appellate court") and a notice of appeal. (Doc. No. 8-1, Exhs. 5 & 6.) The motion for delayed appeal was dismissed as the state appellate court found Grady failed to provide any justification for his delay. (Doc. No. 8-1, Exh. 7.) Grady filed a motion for reconsideration and, on June 24, 2013, the state appellate court reinstated Grady's appeal and granted his motion to file a delayed appeal. (Doc. No. 8-12, Exh. 9.) Through counsel, Grady raised the following assignments of error:

1. The trial court committed plain error when it failed to consider if multiple counts of breaking and entering merged as allied offenses.

2. Due process was denied by the state's material breach of the plea bargain.

(Doc. No. 8-1, Exh. 10.) On August 13, 2014, the state appellate court sustained Grady's second assignment of error and reversed and remanded the cause for further proceedings consistent with its decision.[1] (Doc. No. 8-1, Exh. 12)

### 3. Remand to Trial Court and Second Guilty Plea

On September 29, 2014, after the state appellate court ordered a remand, the trial court vacated Grady's previous guilty pleas, vacated its previous sentence, and reinstated Grady's "not guilty" plea. (Doc. No. 8-1, Exh. 16.)

On December 2, 2014, Grady, represented by counsel, again plead guilty to ten counts of breaking and entering and the remaining counts were again dismissed. (Doc. No. 8-1, Exh. 17.) The trial court sentenced Grady to nine months in prison for each count of breaking and entering to be served consecutively, resulting in an aggregate sentence of seven years and six months. (*Id*.) The court also ordered Grady to pay restitution to five different victims of his crimes. (*Id*.)

### 4. Appeal from Second Guilty Plea and Sentence

On December 22, 2014, Grady, *pro se*, filed a notice of appeal. (Doc. No. 8-1, Exh. 18.) On the same date, Grady also filed a motion for appointment of counsel with

---

[1] The state appellate court declined to address the other assignment of error as moot. (Doc. No. 8-1, Exh. 12.) The Court intentionally omits any discussion of Grady's motion to vacate or set aside costs, as the issue was rendered moot by the state appellate court's remand order and the trial court ordering a refund of any costs paid. (Doc. No. 8-1, Exhs. 13, 14 & 15.)

an accompanying affidavit of indigence. (Doc. No. 8-1, Exh. 19.) Neither the trial court nor the state appellate court addressed Grady's motion for appointment of counsel. On March 30, 2015, the state appellate court dismissed the appeal for failure to file a brief. (Doc. No. 8-1, Exh. 20.) On April 15, 2015, Grady, *pro se*, filed a motion for reconsideration arguing that he had not been appointed counsel, which was denied. (Doc. No. 8-1, Exhs. 21 & 22.)

On June 12, 2015, Grady, *pro se*, filed a notice of appeal with the Supreme Court of Ohio arguing that he was denied his right to an appeal when he was not appointed counsel and his appeal was dismissed. (Doc. No. 8-1, Exhs. 23 & 24.) The State filed a waiver of memorandum in response. (Doc. No. 8-1, Exh. 25.) On August 26, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (Doc. No. 8-1, Exh. 26.)

**B.    Proceedings in this Court**

On August 10, 2015, Grady, *pro se*, filed a § 2254 petition in this Court, in which he ostensibly raised two grounds for relief, though both grounds allege that he was denied his right of appeal. (Doc. No. 1.)

## II.  Jurisdiction

A state prisoner may file a § 2254 petition in "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Summit County, Ohio sentenced Petitioner. (Doc. No. 8-1, Exh. 17.) Summit County is within this Court's geographic jurisdiction. *See* 28 U.S.C.

4

§ 115(a). Accordingly, this Court has jurisdiction over Grady's § 2254 petition.

### III. The Merits of Petitioner's Claims

#### A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. See *Carey v. Musladin*, 549 U.S. 70 (2006); *Williams v. Taylor,* 529 U.S. 362, 379-90 (2000). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. See *Carey*, 549 U.S. at 74.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas

5

> corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court). A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result. *Id.* at 405-06. A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been objectively unreasonable." *Id*. at 520-21 (internal citations and quotation marks omitted).

**B.     Grounds One and Two: Denial of Right to Appeal**

"A first appeal as of right ... is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Frazier v. Bobby*, 2011 U.S. Dist. LEXIS 123435 (N.D. Ohio Oct. 24, 2011) ("The right to appellate counsel is firmly established.") (Gaughan, J.) This matter presents a somewhat unusual circumstance, as Respondent readily admits that "Grady appears to have been deprived of his right to counsel because his motion

6

for appointment of counsel was not transmitted to the appellate court along with his notice of appeal." (Doc. No. 8 at pp. 6-7.)

As such, the only real remaining issue is fashioning an adequate remedy to redress this constitutional deprivation. The Sixth Circuit Court of Appeals has explained as follows:

> Conditional grants of the writ of habeas corpus provide the state with a window of time within which it may cure the constitutional error. *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006). District courts rightly favor conditional grants of the writ, which, in addition to providing the state an opportunity to cure its constitutional errors, maintain comity among co-equal sovereigns. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987). "[T]he sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir.), *cert. denied*, 127 S. Ct. 838, 166 L. Ed. 2d 667 (2006). Accordingly, "[w]hen the state fails to cure the error, *i.e.*, when it fails to comply with the order's conditions, '[a] conditional grant of a writ of habeas corpus requires the petitioner's release from custody.'" *Satterlee*, 453 F.3d at 369 (quoting *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985)).

*McKitrick v. Jeffreys*, 255 Fed. App'x 74, 75-76 (6th Cir. 2007);

Respondent suggests that a conditional writ be granted so that Grady can file a motion to reopen his direct appeal pursuant to Ohio App. R. 5(B).[2] (Doc. No. 8 at p. 7.)

---

[2] Ohio App. R. 5(B) specifically applies to motions to reopen appellate proceedings after a conditional writ of habeas corpus has been granted and reads as follows: " If a federal court grants a conditional writ of habeas corpus upon a claim that a defendant's constitutional rights were violated during state appellate proceedings terminated by a final judgment, a motion filed by the defendant or on behalf of the state to reopen the appellate proceedings may be granted by leave of the court of appeals that entered the judgment. *The motion shall be filed with the clerk of the court of appeals within forty-five days after the conditional writ is granted*. A certified copy of the conditional writ and any supporting opinion shall be filed with the motion. The clerk shall serve a copy of a defendant's motion on the prosecuting attorney." (emphasis added).

7

Respondent also requests that the following language be incorporated into any order granting a conditional writ:

> The Court conditionally orders that a writ of habeas corpus be issued to the petitioner. The Court stays the issuance of the writ, however, and orders the following:
>
> Petitioner Grady must, within 60 days, file in the appropriate court a new motion for leave to appeal and a new notice of appeal as described in
>
> Rule 5(A) of the Ohio Rules of Appellate Procedure. Grady must also request appointment of counsel and attach a copy of the conditional writ and any supporting opinion. If Grady fails to pursue a delayed appeal in the Ohio Court of Appeals, this conditional writ will be vacated, and his petition will be dismissed with prejudice.
>
> If Grady files both his motion for leave to appeal and new notice of appeal within the next 60 days, and if the Ohio Court of Appeals then grants the motion for leave to appeal and appoints counsel to represent Grady, then this Court will vacate the conditional writ of habeas corpus and will dismiss the petition for a writ of habeas corpus.

(Doc. No. 8 at p. 8.)

The undersigned generally agrees with the parameters of the above requested language, except the Court recommends language be added to clarify that the writ shall issue if the state appellate court fails to reinstate the appeal and does not appoint appellate counsel.

Accordingly, it is recommended that the Court GRANT Petitioner a conditional writ of habeas corpus commanding his release from prison unless the State of Ohio grants Grady a new direct appeal, with the assistance of appointed counsel, within one-hundred eighty (180) days from the time Petitioner files a motion to reopen his direct appeal.

## IV. Conclusion

For the reasons given above, it is recommended that a conditional writ of habeas corpus be GRANTED.

Date: July 21, 2016  s/ *Nancy A. Vecchiarelli*
U.S. MAGISTRATE JUDGE

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**